The STATE ex rel. FELSON et al., Appellants,

v.

McHENRY et al., Appellees.

[Cite as *State ex rel. Felson v. McHenry,* 146 Ohio App.3d 542, 2001-Ohio-4265.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–000859.

Decided Sept. 28, 2001.

544

Newman & Meeks and Robert B. Newman; Felson & Felson and Stephen R. Felson, for appellants.

Michael K. Allen, Hamilton County Prosecuting Attorney, Carl J. Stich, Jr., Chief Assistant Prosecuting Attorney, and Monica M. Saba, Assistant Prosecuting Attorney, for appellees.

HILDEBRANDT, Presiding Judge.

{¶ 1} Relators-appellants, Edward Felson, James Rader, and Dave West, appeal the decision of the trial court dismissing their petition for mandamus and for injunctive and declaratory relief on the ground that it failed to state a claim upon which relief could be granted. For the following reasons, we reverse in part and affirm in part the trial court's decision.

{¶ 2} Relators are three attorneys with criminal practices in Hamilton County. They have accepted or are still accepting appointments from the Hamilton County Public Defender to represent indigent defendants. On August 25, 2000, relators filed a petition seeking a writ of mandamus, as well as injunctive and declaratory relief, on behalf of themselves and other similarly situated attorneys, requesting that the fee schedule for legal services provided by appointed counsel be revised to provide adequate compensation rates to ensure the effective representation of indigent criminal defendants in Hamilton County. Respondents-appellees the Hamilton County Board of Commissioners, as well as the individual commissioners, established the fee schedule pursuant to R.C. 2941.51(B), and respondents-appellees the Hamilton County Public Defender Commission and its individual commissioners appoint counsel to represent indigent defendants.

{¶ 3} On September 28, 2000, respondents filed a motion to dismiss the petition on the basis of res judicata or, in the alternative, on the ground that

the petition failed to state a claim upon which relief could be granted. Respondents argued that since the Ohio Supreme Court had previously dismissed a similar petition for mandamus filed by the relators, res judicata should apply to the petition being considered by the trial court. The defense of res judicata, however, may not be raised by a motion to dismiss under Civ.R. 12(B).[1] As res judicata is an affirmative defense,[2] it must be set forth in the answer to a pleading and is properly raised in a summary judgment motion filed pursuant to Civ.R. 56.[3] Thus, the trial court could have only appropriately considered the respondents' argument pertaining to whether the petition should be dismissed for failure to state a claim upon which relief could be granted. Upon doing so, the trial court, concluding at the hearing on the motion to dismiss that the relators' request for injunctive and declaratory relief was included in the remedy of mandamus, found the motion to be "well taken," and entered judgment in favor of respondents. This appeal followed.

{¶ 4} In order to establish the right to a writ of mandamus, a relator must demonstrate (1) a clear legal right to the relief prayed for, (2) that the respondent is under a clear legal duty to perform the requested act, and (3) that the relator has no plain and adequate remedy in the ordinary course of the law.[4] If any of these elements is not shown, the petition must be denied.

{¶ 5} In the case sub judice, the petition was not denied on its merits, but rather dismissed for failure to state a claim upon which relief could be granted pursuant to Civ.R. 12(B)(6). For purposes of Civ.R. 12(B)(6), a mandamus petition will be deemed to state a claim so long as it alleges the existence of a legal duty and the want of an adequate remedy at law.[5] In determining whether a mandamus petition asserts a cognizable claim, the trial court must presume the truth of all factual allegations in the petition and make all reasonable inferences in favor of the nonmoving party.[6] Dismissal is only proper when it appears beyond doubt that the relator can prove no set of facts in support of his

---

1.  *State ex rel. Freeman v. Morris* (1991), 62 Ohio St.3d 107, 579 N.E.2d 702.

2.  See Civ.R. 8(C).

3.  *State ex rel. Freeman v. Morris,* supra, citing *Johnson v. Linder* (1984), 14 Ohio App.3d 412, 14 OBR 531, 471 N.E.2d 815.

4.  *State ex rel. Evans v. Indus. Comm.* (1992), 64 Ohio St.3d 236, 238, 594 N.E.2d 609, fn. 2.

5.  *State ex rel. Bush v. Spurlock* (1989), 42 Ohio St.3d 77, 80, 537 N.E.2d 641; *State ex rel. Alford v. Willoughby* (1979), 58 Ohio St.2d 221, 224, 12 O.O.3d 229, 390 N.E.2d 782.

6.  *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 532 N.E.2d 753.

claim that would entitle him to relief.[7] Appellate review of a Civ.R. 12(B)(6) dismissal is de novo.[8]

{¶ 6} Relators' petition for mandamus lists eight causes of action. In six of the causes of action, relators ask the trial court to declare that the fee schedule established to compensate attorneys who are appointed to represent indigent defendants be held unconstitutional because it inevitably leads to the relators' clients' rights being violated. Relators do not have standing to bring claims based on violations of their clients' rights.[9] Accordingly, the trial court appropriately dismissed the first, second, third, fourth, fifth, and seventh causes of action.

{¶ 7} In the remaining two causes of action, relators allege that their rights are being violated because (1) the fee schedule established to compensate attorneys who take appointments to represent indigent defendants "precludes relators from fully complying with the Code of Professional Responsibility[,] * * * which requires relators to 'handle legal matters with appropriate preparation in the circumstances' (DR 6–101[A][2])," and (2) the fee schedule violates the rights of relators under the "Fifth Amendment to the United States Constitution for the reason that their hourly overhead expenses far exceed the hourly rate of compensation that relators receive for taking assigned cases from the Hamilton County Public Defenders Office."

{¶ 8} A review of the record reveals that relators have alleged the existence of a legal duty for the Hamilton County Board of Commissioners and its individual commissioners to set reasonable compensation rates for legal services provided by appointed counsel that are comparable to the fees paid to retained counsel in the same types of cases.[10] But they have not alleged that a similar legal duty exists for the Hamilton County Public Defender Commission and its individual commissioners. Accordingly, the trial court properly dismissed the petition for mandamus against respondents Hamilton County Public Defender Commission and its individual commissioners.

{¶ 9} As noted above, relators have set forth the legal duty of the remaining respondents, the Hamilton County Board of Commissioners and its

---

7. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 245, 71 O.O.2d 223, 327 N.E.2d 753.

8. *Hunt v. Marksman Prod., Div. of S/R Industries, Inc.* (1995), 101 Ohio App.3d 760, 656 N.E.2d 726.

9. *Asher Investments, Inc. v. Cincinnati* (1997), 122 Ohio App.3d 126, 131, 701 N.E.2d 400, citing *State ex rel. Botkins v. Laws* (1994), 69 Ohio St.3d 383, 632 N.E.2d 897.

10. See R.C. 2941.51(B); Ohio Adm.Code 120–1–15.

individual commissioners, and have also alleged that there is no adequate remedy at law to compel the board and its individual commissioners to revise the fee schedule. Thus, under these circumstances, presuming the truth of the averments set forth in the petition, and making all reasonable inferences in favor of relators, as we are required to do, we hold that the factual allegations are sufficient to state a claim for which relief can be granted with respect to the revision of the fee schedule. Based on the record before us, we are convinced that the trial court improvidently dismissed two causes of action against respondents Hamilton County Board of Commissioners and its individual commissioners.

{¶ 10} Accordingly, with respect to respondents Hamilton County Public Defender Commission and its individual commissioners, we affirm the trial court's judgment. But, with respect to respondents Hamilton County Board of Commissioners and the individual commissioners, we reverse that part of the judgment dismissing the two causes of action alleging that relators' rights are being violated, and affirm the judgment to the extent that it dismisses the causes of action alleging a violation of the relators' clients' rights. We remand this cause to the trial court for further proceedings consistent with the law and this decision.

Judgment affirmed in part,
reversed in part
and cause remanded.

WINKLER, J., concurs.

PAINTER, J., concurs separately.

PAINTER, Judge, concurring separately.

{¶ 11} Relators allege that the county commissioners are violating Ohio Adm.Code 120–1–15(A), which states: "In establishing a fee schedule to be paid appointed counsel in indigent cases eligible for reimbursement pursuant to section 120.33 of the Revised Code, the county commissioners and county bar association shall establish a schedule that is comparable to the fees paid to retained counsel in the same type of cases. No county will be entitled to reimbursement from the state public defender if it can be demonstrated that its fee schedule is inadequate for an appointed attorney to cover the costs of overhead while working on an appointed case and to generate a reasonable income for work performed." Relators should be given the opportunity to prove their case. If their allegations are even in the ballpark, it should not be difficult.