The STATE ex rel. FELSON, et. al., Appellants,

v.

McHENRY et al.,[1] Appellees.

[Cite as *State ex rel. Felson v. McHenry*, 158 Ohio App.3d 81, 2004-Ohio-3622.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–030658.

Decided July 9, 2004.

Robert B. Newman and Newman & Meeks Co., L.P.A., and Stephen R. Felson, for appellants.

1. The current remaining county commissioner of the three.

Michael K. Allen, Hamilton County Prosecuting Attorney, David T. Stevenson and Susan Marie Gertz, Assistant Prosecuting Attorneys, for appellees.

WINKLER, Presiding Judge.

{¶ 1} Relators-appellants, Edward Felson, James Rader, and Dave West ("relators") appeal from the judgment of the trial court in favor of respondents-appellees, the Hamilton County Board of Commissioners and its then individual commissioners, after the trial court held that the relators "d[id] not have personal rights under OAC 120–1–15 and the statutes from which that regulation is derived that require Hamilton County to pay them [relators] more money." Roughly summarizing the litigation to date, on August 25, 2000, relators filed a petition in the Hamilton County Common Pleas Court seeking a writ of mandamus and setting forth eight causes of action. The petition set forth the same eight causes of action that had previously been asserted and dismissed by the Ohio Supreme Court because "relators ha[d] an adequate remedy in the ordinary course of law."[2] In addition to requesting the same relief that had been requested from the Ohio Supreme Court, the petition set out prayers for declaratory and injunctive relief. The trial court granted respondents' motion to dismiss the petition. On appeal from that judgment, we affirmed the trial court's dismissal of six causes of action in the petition and the dismissal of the petition against respondents Hamilton County Public Defender Commission and its individual commissioners.[3] We further held that the factual allegations in the remaining causes of action were sufficient to state a claim for which relief could be granted and that the trial court erred in dismissing the remaining two causes of action.[4] Thus, the case was returned to the trial court. Upon remand, Ravert J. Clark filed a motion for intervention pursuant to Civ.R. 24(B). The respondents filed a motion for summary judgment. The trial court denied Clark's motion and granted summary judgment in favor of respondents.[5]

{¶ 2} In the second appeal, we described the remaining two causes of action in this manner: "[R]elators alleged that their rights were being violated because (1) the fee schedule established to compensate criminal defense attorneys who take appointments to represent indigent defendants precluded them from complying with the Code of Professional Responsibility, and (2) the fee schedule violated

---

2. See *State ex rel. Felson v. McHenry* (2000), 89 Ohio St.3d 1475, 733 N.E.2d 250.

3. See *State ex rel. Felson v. McHenry* (2001), 146 Ohio App.3d 542, 767 N.E.2d 298.

4. See id.

5. See *State ex rel. Felson v. McHenry,* 1st Dist. No. C–020001, 2002-Ohio-4804, 2002 WL 31039688.

their rights under the Fifth Amendment because their hourly overhead expenses exceeded the rate of compensation that they received for taking appointments from the county public defender." [6]  In this second appeal, we affirmed the trial court's denial of the motion to intervene. [7]  We also affirmed the judgment of the trial court "to the extent that it granted summary judgment to respondents on relators' requests for mandamus and injunctive relief."  But we reversed the judgment of the court to the extent that it granted summary judgment in favor of respondents on relators' claim for declaratory relief. [8]  On this claim, we returned the case to the trial court because it had merely ruled on the summary judgment motion concerning the declaratory judgment "without setting forth any construction of the document or law under consideration." [9]

{¶ 3} Upon remand, the record shows that the trial court dismissed the relators' remaining two causes of action, the sixth and eighth, because the relators had advised the trial court that they had decided not to pursue their asserted rights under the Code of Professional Responsibility or the Fifth Amendment to the United States Constitution.

{¶ 4} Thus, the controversy was now limited to "a claim on their [relators'] own behalf that the Ohio Administrative Code requires a declaration that Hamilton County should pay the three of them more money on appointed felony cases."  In the current appeal before this court, the relators' sole assignment of error contends that the trial court erred in granting respondents' motion for summary judgment on the declaratory judgment claim.

{¶ 5} An appellate court reviews a grant of summary judgment de novo. [10] Respondents were entitled to prevail on their summary judgment motion only if (1) there was no genuine issue of material fact, (2) they were entitled to judgment as a matter of law, and (3) it appeared that reasonable minds could come to but one conclusion when viewing the evidence in favor of the party opposing the motion, and that conclusion was adverse to the party opposing the motion. [11]

{¶ 6} Relators are criminal-defense attorneys practicing in Hamilton County who alleged that they had accepted or had continued to accept appointments from

---

6.  See id.

7.  See id.

8.  See id.

9.  See id.

10.  See *Doe v. Shaffer* (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243.

11.  See *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267; Civ.R. 56(C).

the Hamilton County Public Defender Commission to represent indigent defendants. The relators were dissatisfied that the Hamilton County Board of Commissioners had set a fee of $40 per hour for felony representation and sought an increase to $60 per hour.[12] The provision invoked by relators to support their claim was Ohio Adm.Code 120–1–15, which provides, "No county will be entitled to reimbursement from the state public defender if it can be demonstrated that its fee schedule is inadequate for an appointed attorney to cover the costs of overhead while working on an appointed case and to generate a reasonable income for work performed." But Ohio Adm.Code 120–1–15 merely amplifies R.C. 120.33(A)(3) and 120.33(A)(5).

{¶ 7} R.C. 120.33(A)(3) provides, "The board of county commissioners shall establish a schedule of fees by case or on an hourly basis to be paid to counsel for legal services provided pursuant to a resolution adopted under this section. Prior to establishing the schedule, the board of county commissioners shall request the bar association or associations of the county to submit a proposed schedule. The schedule submitted shall be subject to the review, amendment, and approval of the board of county commissioners."

{¶ 8} Significantly, R.C. 120.33(A)(5) provides, "If any county appointed counsel system fails to maintain the standards for the conduct of the system established by the rules of the Ohio public defender commission pursuant to divisions (B) and (C) of section 120.03 or the standards established by the state public defender pursuant to division (B)(7) of section 120.04 of the Revised Code, the Ohio public defender commission shall notify the board of county commissioners of the county that the county appointed counsel system has failed to comply with its rules or the standards of the state public defender. Unless the board of county commissioners corrects the conduct of its appointed counsel system to comply with the rules and standards within ninety days after the date of the notice, the state public defender may deny all or part of the county's reimbursement from the state provided for in division (A)(4) of this section." Similar provisions appear in R.C. 2941.51.

{¶ 9} Where there is a failure to comply with state public-defender standards, the statutes are unequivocal in giving the state public defender the right and a method to remedy noncompliance with the promulgated standards. The relators rightly recognize that the method of forcing compliance by the state office is harsh: a denial of reimbursement by the state. Nevertheless, the Revised Code provides the authority for the Ohio Public Defender to establish rules for the conduct of county-appointed counsel systems in Ohio.[13] If the fee schedule as set

---

12. See t.d. 43.

13. See R.C. 120.03(B).

by the Hamilton County Board of Commissioners is challenged as being inadequate for an appointed attorney to cover the costs of overhead while working on an appointed case and to generate a reasonable income for work performed,[14] the Ohio Public Defender must act. Moreover, as relators have conceded that they could have petitioned the Ohio Public Defender Commission to force compliance with a fee other than $40 per hour but have not done so to keep the payment train running rather than running "off the tracks," [15] this court may not intervene and create a new remedy in this case: a fee other than $40 per hour.[16] On this record, we hold that the trial court did not err in granting respondents' motion for summary judgment on the declaratory judgment claim. Thus, the single assignment of error is overruled.

{¶ 10} Therefore, the judgment of the trial court is affirmed.

Judgment affirmed.

HILDEBRANDT, J., concurs.

PAINTER, J., concurs separately.

PAINTER, Judge, concurring separately.

{¶ 11} Everyone knows that lawyers who take public-defender cases are paid a pittance. The Ohio Administrative Code requires lawyers to be reasonably paid for their work. The county has violated the provision for years, if not forever. The only problem is that the county's violation of the provision results only in loss of reimbursement by the state. Enforcement must come from the state public defender's office.

{¶ 12} The problem with this case is that the relators want what they cannot have and do not want what they can have. They seem not to want the state to become involved—which is the one sure remedy for the problem. And they have abandoned the other claims, which may have been other avenues for redress.

---

**14.** See Ohio Adm.Code 120–1–15.

**15.** See t.d. 43.

**16.** See *State ex rel. Abner v. Elliott* (1999), 85 Ohio St.3d 11, 18, 706 N.E.2d 765; *State ex rel. Shimko v. McMonagle* (2001), 92 Ohio St.3d 426, 430, 751 N.E.2d 472.