OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant, Randy Bake, pro se appeals the decision of the Belmont County Court of Common Pleas denying his untimely petition for post-conviction relief. Because Bake has failed to demonstrate that his untimely petition falls under one of the two exceptions granting a trial court jurisdiction over such petition, we affirm the trial court's dismissal of the petition.
 {¶ 2} On July 7, 2000, Bake pleaded guilty to rape in violation of R.C. 2907.02. Bake was sentenced on August 4, 2000 to serve ten years in prison. Bake filed a petition for post-conviction with the trial court which was denied on August 9, 2005.
 {¶ 3} As his sole assignment of error, Bake asserts:
 {¶ 4} "The trial court erred in imposing sentence based on facts not found by a jury or admitted by Appellant. This omission violated Appellant's right to a trial by jury and due process under the state and federal constitutions."
 {¶ 5} A post-conviction proceeding is not an appeal of a criminal conviction, but a collateral civil attack on a judgment, and a petitioner receives no more rights than those granted by the statute governing such proceedings, R.C. 2953.21. State v.Calhoun, 86 Ohio St.3d 279, 714 N.E.2d 905, 1999-Ohio-102. A petition for post-conviction relief filed pursuant to R.C.2953.21 must be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction. R.C.2953.21(A)(2). If no appeal is taken from the judgment of conviction, then the petition must be filed no later than one hundred eighty days after the expiration of the time for filing the appeal. Id.
 {¶ 6} In this case the judgment of conviction and sentence was entered nearly five years prior to Bake filing his petition for post-conviction relief. Thus, it was clearly untimely. However, that is not the end of our analysis.
 {¶ 7} The jurisdiction of the courts of common pleas is provided by statute. Section 4(B), Article IV, Ohio Constitution. R.C. 2953.23(A) provides that a court may not entertain a petition filed after the expiration of the period prescribed in R.C. 2953.21(A)(2). This provision denies the common pleas courts jurisdiction to adjudicate the merits of an untimely petition, with but two narrow exceptions set forth in R.C. 2953.23(A). It confers jurisdiction to adjudicate an untimely post-conviction petition when the petitioner shows that he was unavoidably prevented from discovering the facts upon which he must rely to present his claim for relief, or that a new federal or state right that applies retroactively to the petitioner was recognized by the United States Supreme Court subsequent to the period prescribed in R.C. 2953.21(A)(2), and the petition asserts a claim based upon that right. R.C. 2953.23(A)(1)(a).
 {¶ 8} Bake's petition does not fall into either exception. First, Bake argues that his sentence violates his right to a jury trial pursuant to the United States Supreme Court's holding inBlakely v. Washington (2004), 124 S.Ct. 2351. However, that decision did not recognize a new right. It merely reapplied the well established right to a jury trial. Second, the sentencing error of which Bake complains was apparent from the record. Arguably, Bake's trial counsel could have raised this issue five years ago as Apprendi v. New Jersey (2000), 530 U.S. 466, the case upon which Blakely was based, had already been decided by the Supreme Court.
 {¶ 9} Accordingly, the trial court properly dismissed Bake's untimely petition and the judgment of the trial court is affirmed.
Donofrio, P.J., concurs.
Waite, J., concurs.