OPINION AND JUDGMENT ENTRY
{¶ 1} On August 28, 2008, Relator John Paul Gomez filed a writ of procedendo with this court against Respondents Judge Nau and Judge Hayes of the Noble County Common Pleas Court. Judge Hayes is a visiting judge that was assigned by the Ohio Supreme Court to sit as acting judge after Judge Nau recused himself from cases involving Relator.
 {¶ 2} A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. State ex rel. Miley v. Parrott, 77 Ohio St.3d 64, 65, 1996-Ohio-0350. In order to be entitled to a writ of procedendo, Relator must establish a clear legal right to require Respondents to proceed, a clear legal duty on the part of Respondents to proceed, and the lack of an adequate remedy in the ordinary course of law. State ex rel. Weiss v.Hoover, 84 Ohio St.3d 530, 531-532, 1999-Ohio-422.
 {¶ 3} The writ of procedendo alleges that the trial court (Judges Nau and Hayes) has failed to rule on three pending motions in Noble County Common Pleas Court Case No. 205-0135. The three motions are: 1) an App. R. 9 motion that was allegedly filed November 27, 2006; 2) the December 7, 2007 motion filed by Relator for contempt against his former wife Dagmar Gomez (nka Dagmar Dyer); and 3) an April 2007 motion for reallocation of parental rights, in which a hearing was held on April 23, 2008. Relator claims that Judge Nau has not ruled on the first two motions and seeks an order from this court compelling Judge Nau to rule on them. As to the third motion, Relator claims that Judge Hayes has not ruled on it and asks this court for an order compelling him to do so. Each motion will be addressed in turn to determine whether Relator is entitled to the relief requested.
 {¶ 4} The first motion Relator discusses is a motion seeking to have the record corrected that was allegedly filed on November 27, 2006 and that has not been ruled on by the trial court. Relator admits that the motion was made to the trial court while Appellate Case No. 06NO330 was pending in the appellate court. He also acknowledges that on March 26, 2007 this court issued an opinion in Appellate Case No. 06NO330.Gomez v. Gomez, 7th Dist No. 06NO330, 2007-Ohio-1559.
 {¶ 5} Attached to the writ of procedendo is the alleged motion Relator filed on November 27, 2006. However, the file stamped date on this motion titled "Correction *Page 2 
of the Record" is April 11, 2006. Considering that this motion is labeled Exhibit A and he refers to the "November 27, 2006" motion as Exhibit A, it appears that the body of procedendo incorrectly refers to the motion as the November 27, 2006 motion. Therefore, when reviewing his argument we will refer to the time-stamped date of April 11, 2006 for this motion, not the November 27, 2006 date.
 {¶ 6} The April 11, 2006 motion is clearly an App. R. 9(E) motion to have the record corrected because not only does the motion refer to that rule, but it also clearly asks the trial court to correct various transcripts and indicates what those transcripts should state.
 {¶ 7} This motion contains seven separate references to various transcripts that Relator contends are incomplete or incorrect. The first reference refers to the December 12, 2005 hearing on the temporary custody and visitation order that was entered prior to the final divorce decree and final custody order. The next three references refer to a "civil protection" hearing that was held January 27, 2006. It appears that he is contending that this hearing occurred during the divorce proceedings and the trial court modified the temporary custody orders at this hearing. The fifth and sixth references concern the final divorce decree hearing on February 1, 2006. The last reference concerns a motion for contempt that was filed by Relator against his former wife during the pendency of the original divorce and custody action. This motion for contempt was based on the former wife's alleged refusal to allow Relator to visit his children on Christmas Eve and New Years Eve.
 {¶ 8} Taking Relator's allegation as true that the trial court did not rule on the App. R. 9(E) motion, we cannot at this point order the trial court rule on the motion. While the trial court was under an obligation to rule on the App. R. 9(E) motion to correct the record, an order from us now compelling the trial court to do so does not help Relator; the motion is now moot. Concerning his corrections to the temporary custody hearing and the final divorce decree, we have already ruled on the priority of those orders in Gomez. If the trial court ruled on the April 11, 2006 motion now, the appeal clearly cannot be reopened since it is civil. Therefore, correcting the record on a case that has already been reviewed and ruled on by the appellate court would have no impact on Relator. The time to request the trial court to rule on this motion has passed; any request should have been made while the appeal was pending in this *Page 3 
court, before this court issued a judgment. See Metro Cleveland Sec,Inc. v. U.S. Welding, Fabricating Mfg., Inc. (Nov. 25, 1992), 8th Dist. No. 61649 (stating that when the trial court does not comply with the App. R. 9(C), (D) or (E), the case is required to be remanded back to the trial court to "settle and approve" the App. R. 9(C), (D) or (E) statement before the merits of the appeal can be addressed);Hendricks v. White (Nov. 12, 1992), 8th Dist. No. 61022; Seals v. HalArtz Lincoln-Mercury, Inc. (Mar. 7, 1991), 8th Dist. No. 57953;Administrator of Veterans Affairs v. Popovich (Apr. 10, 1985), 9th Dist. No. 3761.
 {¶ 9} Likewise, any correction to the record for the "civil protection" hearing or the contempt hearing cannot help Relator. Any issue Relator had with these proceedings should have been raised in the Gomez appeal or appealed separately. As the time for appeal has expired and delayed appeals are not permitted in civil actions, compelling a ruling to correct the record is pointless; there is no relief he could obtain from the ruling as he cannot now appeal the resolution of the contempt motion or the "civil protection" hearing result.
 {¶ 10} Thus, for all the above reasons, Relator is not entitled to a writ on his App. R. 9(E) motion.
 {¶ 11} The second motion, Relator's December 7, 2007 motion for contempt against his former wife, was heard on February 14, 2008. Judge Nau presided over those proceedings. Five days following the hearing, Judge Nau recused himself from further proceedings involving Relator. It explained:
 {¶ 12} "As the record reflects, these matters have had somewhat of a turbulent history. There have been numerous of what might be considered personal attacks on the Court.
 {¶ 13} "* * *
 {¶ 14} "Knowing the end to which Mr. Gomez will go in attempting to secure the goal(s) sought in his pending legal proceedings, has led this Court to severely question the credibility of Mr. Gomez. Indeed, at this juncture, the Court is hard pressed to believe any testimony from Mr. Gomez.
 {¶ 15} "In the most recent hearing, a contempt motion filed by Mr. Gomez against his former wife, this Court heard conflicting testimony, and the Court found itself simply discounting anything and everything Mr. Gomez said. *Page 4 
 {¶ 16} "Although this Court announced a ruling, that ruling will not be journalized." 02/19/08 J.E.
 {¶ 17} The Ohio Supreme Court then assigned Judge Hayes to conclude any proceeding in which Relator participated. Certificate of Assignment.
 {¶ 18} While Judge Nau may have issued a ruling from the bench, that ruling is not effective until it is journalized. It is a well established principle of law that a court speaks only through its journal entries. State v. King, 70 Ohio St.3d 158, 1994-Ohio-412. Thus, without a journal entry finding Relator's former wife in contempt or a journal entry denying Relator's motion for contempt, the motion has yet to be ruled on. Montalvo v. Oravec, 8th Dist. No. 81572, 2003-Ohio-763, ¶ 3.
 {¶ 19} However, due to his recusal and the reason for his recusal, we cannot, as Relator requests, compel Judge Nau to journalize his ruling. Judge Nau clearly indicated that he could no longer be impartial concerning Relator; it was commendable to admit as such and to recuse himself prior to journalizing his ruling. Any order after that voluntary recusal would be voidable, subject to a timely objection. Tissue v.Tissue, 8th Dist. No. 83708, 2004-Ohio-5968, ¶ 12, citing Tari v.State (1927), 117 Ohio St. 481, 494. Moreover, we will not second guess Judge Nau's decision to recuse himself; a judge's decision to voluntarily recuse himself is a matter of judicial discretion. State exrel. Brady v. Russo, 8th Dist. No. 89552, 2007-Ohio-3277, ¶ 22 (stating voluntary recusal cannot be controlled through mandamus).
 {¶ 20} Yet, the fact that Judge Nau could no longer rule on the motion for contempt does not mean that Relator is not entitled to have his contempt motion ruled on. As there was no journalization of the motion, the motion was unresolved, and Judge Hayes was required to rule on it.
 {¶ 21} Unfortunately, Relator's writ seeks to have Judge Nau journalize his decision; he does not seek to have Judge Hayes rule on the motion. As this cannot legally occur, the writ, for that reason alone, on this issue, must be denied.
 {¶ 22} However, we note that even if Relator sought to have Judge Hayes rule on the motion, the writ could not be granted by this court. The December 7, 2007 motion for contempt requested that the trial court hold Relator's former wife in contempt for failing to allow Relator to his entitled telephone contact with his daughter. Judge Hayes, in his September 10, 2008 judgment, made statements that indicate it *Page 5 
considered the motion and was not finding her in contempt for that alleged violation. First, the court indicated that Relator had made allegations that his former wife has made telephone communication difficult. It next stated that the former wife was technically in contempt for failing to provide notice of moving, but that no sanctions were appropriate. Lastly, it concluded that, "Any pending motions not specifically addressed shall, by this Judgment Entry, be Dismissed." 09/10/08 J.E. Accordingly, the trial court's statements indicate that it did rule on the contempt motion and found no merit with it.
 {¶ 23} Consequently, for all of the above stated reasons, a writ of procedendo is not warranted on the December 7, 2007 motion.
 {¶ 24} The third motion, the April 2007 Motion for Reallocation of Parental Rights, has recently been ruled on by Judge Hayes. 09/10/08 J.E. denying the Motion for Reallocation of Parental Rights. Accordingly, as the trial court has already ruled on the motion, Relator is not entitled to a writ of procedendo.
 {¶ 25} For the foregoing reasons, Relator's Petition for Writ of Procedendo, in its entirety, is denied.
 {¶ 26} Costs taxed against Relator. Final order. Clerk to serve notice as provided by the Civil Rules.
Vukovich, J., concurs. Waite, J., concurs. DeGenaro, P.J., concurs. *Page 1