[Cite as *State v. Phillips*, 2014-Ohio-5309.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 14 MA 34 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| KEITH PHILLIPS, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:          Criminal Appeal from Common Pleas
                                   Court, Case No. 09 CR 921.


JUDGMENT:                          Affirmed.


APPEARANCES:
For Plaintiff-Appellee:            Attorney Paul J. Gains
                                   Prosecuting Attorney
                                   Attorney Ralph M. Rivera
                                   Assistant Prosecuting Attorney
                                   21 W. Boardman St., 6th Floor
                                   Youngstown, OH  44503


For Defendant-Appellant:           Keith Phillips, Pro-se
                                   #581-330
                                   Marion Correctional Institution
                                   P.O. Box 57
                                   Marion, OH  43302


JUDGES:
Hon. Mary DeGenaro
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite


                                   Dated: November 25, 2014

DeGENARO, P.J.

{¶1} Pro-se Defendant-Appellant, Keith Phillips, appeals the March 12, 2014 judgment of the Mahoning County Court of Common Pleas denying his motion to vacate his conviction due to subject-matter jurisdiction. On appeal, he argues the trial court erred in denying his motion because he alleges his arrest warrants were deficient and no complaint was filed against him. For the following reasons, Phillips arguments are meritless. Accordingly, the judgment of the trial court is affirmed.

**Facts and Procedural History**

{¶2} On September 3, 2009, the Mahoning County grand jury charged Phillips with one count of felonious assault, R.C. 2903.11(A)(2)(D), a second-degree felony, with an accompanying firearm specification, R.C. 2941.145(A); and one count of having a weapon while under disability, R.C. 2923.13(A)(2)(B), a third-degree felony.

{¶3} On February 3, 2010, Phillips pled guilty to the charges in the indictment. That same day, Phillips was sentenced to five years on the weapons charge, to run concurrently with a five year sentence on the felonious assault charge, with the three years for the accompanying firearm specification to be served prior to and consecutive to the other sentences, for an aggregate prison term of eight years. He was also sentenced to a three-year mandatory term of post-release control. No direct appeal was filed.

{¶4} On February 18, 2014, Phillips filed a pro-se "motion to vacate conviction due to subject-matter jurisdiction." Citing Crim.R. 3 and 4(A)(1), Phillips argued the trial court lacked jurisdiction to convict him because there was never a complaint filed against him and the arrest warrants did "not establish probable cause nor were they made sworn to by an authorized party." He therefore claimed his criminal convictions must be vacated. He attached as exhibits a letter he wrote to the clerk's office requesting a certified copy of the complaint and arrest warrant for his case; and certified copies of his arrest warrants for the felonious assault charge and for the weapons charge. The trial court denied Phillips' motion.

**Denial of Untimely Post-Conviction Petition**

{¶5} In his sole assignment of error, Phillips asserts:

"Trial Court lacked subject matter jurisdiction due to an invalid complaint

and subsequent warrant to convict."

{¶6} Phillips argues here, as he did in the trial court, that there was never a complaint filed against him and that his arrest warrant was invalid because it was allegedly not signed by the proper party. Phillips claims that absent a valid complaint, "the Municipal Court was without subject matter jurisdiction to bind this case over to the Court of Common Pleas." For these reasons, Phillips claims the trial court lacked subject matter jurisdiction to convict him, and therefore he insists his conviction must be vacated.

{¶7} Phillips' motion to vacate must be treated as a post-conviction petition. "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such motion is construed as a petition for post-conviction relief as defined in R.C. 2953.21." *State v. Kapsouris*, 7th Dist. No. 08 MA 265, 2010-Ohio-754, ¶13, citing *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131, syllabus (1997). In *Kapsouris*, this court recast the defendants' post-conviction, post-direct-appeal "Crim.R. 52(B) motion" challenging the validity of his indictment as a post-conviction petition. *Id.*

{¶8} Phillips cites *State v. Davies*, 11th Dist. No. 2012-A-0034, 2013-Ohio-436. Although upon first blush *Davies* might seem to support a decision *not* to treat the motion as a post-conviction petition, upon closer inspection the case is distinguishable. In *Davies*, the appellant also challenged the validity of his criminal complaints via a motion to vacate his conviction. He argued that the state failed to properly invoke the trial court's jurisdiction over his case because none of the six complaints against him complied with the requirements of Crim.R. 3. The Eleventh District declined to treat the motion as a post-conviction petition:

> Given the nature of the specific arguments appellant raised in his motion to vacate, the statutory time requirements for a post-conviction petition were inapplicable. That is, since his motion raised an issue of subject matter jurisdiction, it could be asserted at any time. Thus, appellant's motion to

vacate could not be denied solely on the basis that it was untimely.

*Id.* at ¶13.

**{¶9}** However, there is a key difference between *Davies* and this case. In *Davies*, the appellant was prosecuted through the county court and there were no other charging documents aside from the complaints. *Id.* at ¶1-5. Here, Phillips was subsequently charged by indictment. The Supreme Court of Ohio has held that " '[t]he manner by which an accused is charged with a crime is procedural rather than jurisdictional, and after a conviction for crimes charged in an indictment, the judgment binds the defendant for the crime for which he was convicted.' " *State ex rel. Nelson v. Griffin,* 103 Ohio St.3d 167, 2004-Ohio-4754, 814 N.E.2d 866, ¶6, quoting *Orr v. Mack,* 83 Ohio St.3d 429, 430, 700 N.E.2d 590 (1998).

**{¶10}** Thus, although couched as a challenge to subject matter jurisdiction, Phillips' motion to vacate merely raises a procedural issue and shall therefore be treated as a post-conviction petition.

**{¶11}** R.C. 2953.21 and R.C. 2953.23 govern petitions for post-conviction relief. Under R.C. 2953.21, relief from a judgment or sentence is available for a person convicted of a criminal offense who shows that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States[.]" R.C. 2953.21(A)(1)(a).

**{¶12}** According to R.C. 2953.21(A)(2), a timely petition "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction[.] * * * If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2).

**{¶13}** However, there is an exception to the 180-day requirement. According to R.C. 2953.23(A)(1), a petitioner may file a delayed petition only if the following apply: (a) he "shows that the [he] was unavoidably prevented from discovery of the facts upon

which [he] must rely to present the claim for relief[,]" or if the "United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right," and (b) he "shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty[.]" R.C. 2953.23(A)(1)(a) and (b).

**{¶14}** Phillips failed to file a direct appeal, and his judgment entry of conviction was filed on February 3, 2010. Phillips' post-conviction petition was filed on February 18, 2014—over four years later. Thus, Phillips' petition was filed well beyond the 180-day deadline. And Phillips made no attempt to explain the untimeliness of his petition pursuant to R.C. 2953.23(A)(1)(a) and (b). Accordingly, the trial court lacked jurisdiction to consider Phillips' motion and properly overruled it. *See, e.g., State v. Bake*, 7th Dist. No. 05 BE 29, 2006-Ohio-4858, ¶7.

**{¶15}** Even if this court could overlook the untimeliness issue, the petition would nonetheless fail. A petition for post-conviction relief does not permit a defendant to rehash the direct appeal of his criminal conviction, and only allows for a collateral civil attack on the judgment. *State v. Gondor*, 112 Ohio St.3d 377, 2006–Ohio–6679, 860 N.E.2d 77, ¶48, quoting *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994). Post-conviction relief is a narrow remedy, and res judicata bars any claim that was or could have been raised at the time of trial or on direct appeal. *Steffen* at 410. Thus, issues properly raised in a post-conviction petition are those which could not have been raised on direct appeal because the evidence supporting the issue is outside the record. *State v. Milanovich*, 42 Ohio St.2d 46, 50, 325 N.E.2d 540 (1975).

**{¶16}** Phillips argues that there was never a complaint filed against him and that his arrest warrant was invalid because it was allegedly not signed by the proper party. These claims are based upon the record and could have been raised in the trial court or via direct appeal. Thus, his claims are also barred by res judicata.

**{¶17}** Finally, because a grand jury's indictment cures any defect in the failure to file a criminal complaint pursuant to Criminal Rule 3, Phillips' substantive arguments also fail. For example, in *State v. Thacker*, 4th Dist. No. 04CA5, 2004-Ohio-3978, the

defendant, in the context of a post-sentence motion to withdraw his guilty plea, argued that the trial court lacked subject matter jurisdiction at the time he entered his plea because the record contained no Crim.R.3 complaint charging him with the crimes for which he pled guilty. *Id.* at ¶1. The court rejected this argument because the record contained an indictment stating the essential facts constituting the offenses charged. *Id.* at ¶1, ¶13.

**{¶18}** The court reasoned:

* * * [A]s the Ohio Supreme Court has previously noted, "[a]n accused in a felony case is not tried upon the affidavit filed against him but on the indictment by the grand jury." *Foston v. Maxwell* (1964), 177 Ohio St. 74, 76, 202 N.E.2d 425. The grand jury has the discretion to review the evidence presented to it and determine which offenses to charge. "The fact that the grand jury determines that an accused shall be charged with a felony other than that made against him in the affidavit [or complaint] originally filed and upon which he is bound over to the grand jury has no effect on the validity of the indictment returned by the grand jury." *Id.*, citing *Clinger v. Maxwell* (1964), 175 Ohio St. 540, 196 N.E.2d 771. See, also, *State v. Klingenberger* (1925), 113 Ohio St. 418, 426, 149 N.E. 395 (Noting that grand juries have plenary and inquisitorial powers and may lawfully, upon their own motion, originate charges against offenders.). Furthermore, even if Thacker alleged that the original complaints contained defects, such defects would be irrelevant and harmless to Thacker's convictions based upon the grand jury indictment. See *State v. Martin*, Lawrence App. No. 01CA24, 2002-Ohio-6140, at ¶ 24.

*Thacker* at ¶12.

**{¶19}** In *State v. Burns*, 7th Dist. No. 09–MA–193, 2012-Ohio-2698, ¶71-74, this court followed the rationale in *Thacker* to overrule a similar argument presented on direct appeal. There, the defendant argued that the investigating officer's failure to file a

complaint violated Crim.R. 3, and R.C. 2935.09, thus prohibiting the case from being directly presented to a grand jury. *Id.* at ¶72. This court disagreed, concluding that "any error that occurred by failing to file a complaint in this case was rendered harmless once the grand jury charged appellant." *Id.* at ¶74.

{¶20} Accordingly, for all of the above reasons, Phillips' sole assignment of error is meritless, and the judgment of the trial court is affirmed.

Vukovich, J., concurs.

Waite, J., concurs.