[Cite as *State v. Phillips*, 2015-Ohio-69.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 14 MA 34 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | AND |
| KEITH PHILLIPS, | ) | JUDGMENT ENTRY |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Application for Reconsideration
and Motion to Stay

JUDGMENT:     Application and Motion Denied.

APPEARANCES:
For Plaintiff-Appellee:     Attorney Paul J. Gains
Prosecuting Attorney
Attorney Ralph M. Rivera
Asst. Prosecuting Attorney
21 W. Boardman Street
Youngstown, OH  44503

For Defendant-Appellant:     Keith Phillips, Pro-se
#581-330
Marion Correctional Institution
P.O. Box 57
Marion, OH  43302

Attorney Leo P. Ross
915 S. High Street
Columbus, OH  43215

JUDGES:
Hon. Mary DeGenaro
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated:  January 5, 2015

PER CURIAM.

**{¶1}** Appellant Keith Phillips filed a motion asking this court to stay and reconsider its November 25, 2014 decision in *State v. Phillips*, 7th Dist. No. 14 MA 34, 2014-Ohio-5309, which affirmed the trial court's denial of Phillips' motion to vacate his conviction due to a lack of subject-matter jurisdiction. In so doing, this court construed the motion as an untimely and meritless post-conviction petition. *Phillips* at ¶7-20. The State filed a response opposing reconsideration.

**{¶2}** The standard for reviewing an application for reconsideration pursuant to App.R. 26(A) is whether the application "calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *Columbus v. Hodge*, 37 Ohio App.3d 68, 523 N.E.2d 515 (1987), paragraph one of the syllabus. Similarly, "[a]n application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusion reached and the logic used by an appellate court. App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law." *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (1996).

**{¶3}** Phillips asserts that a very recent decision by the Supreme Court of Ohio, *State v. Hoffman,* Slip Opinion No. 2014-Ohio-4795 (Nov. 14, 2014), renders our decision unsupportable under the current state of the law. However, *Hoffman* is factually and legally distinguishable from this case.

**{¶4}** In *Hoffman*, the defendant was indicted by a grand jury on aggravated murder and aggravated robbery charges, based upon evidence obtained as the result of his arrest pursuant to three preexisting and unrelated misdemeanor warrants. *Id.* at ¶2-5. Hoffman moved to suppress the evidence on the grounds that the misdemeanor arrest warrants were invalid because no probable cause determination had been made before the warrants were issued, and because the criminal complaints upon which the warrants were based contained on their face no information that would support a finding of

probable cause. *Id.* at ¶5-6. The suppression motion was denied by the trial court, and following Hoffman's no contest pleas, the suppression decision was affirmed by the Sixth District. *Id.* at ¶8-9. The Ohio Supreme Court held the warrants were issued without a probable cause determination and were therefore invalid, but concluded that the good-faith exception to exclusionary rule applied to avoid exclusion of evidence in the felony prosecution, which was obtained as result of execution of the invalid misdemeanor warrants. *Id.* at ¶1.

{¶5} Unlike *Hoffman*, here there was no evidence seized as a result of the misdemeanor arrests. Further, Phillips argued in his post-conviction appeal and again on reconsideration, that because of defects in his misdemeanor arrest warrants, his felony convictions, obtained following a subsequent grand jury indictment, were invalid. *Phillips* at ¶16. This argument is distinct from the one presented in *Hoffman* and has already been fully addressed in this court's November 25, 2014 decision, where we concluded that "because a grand jury's indictment cures any defect in the failure to file a criminal complaint pursuant to Criminal Rule 3, Phillips' substantive arguments also fail." *Id.* at ¶17.

{¶6} In sum, because Phillips has not demonstrated that we failed to address any issues or committed any obvious errors when issuing our decision in this case, his motion to stay and application for reconsideration are denied.

DeGenaro, P.J., concurs.
Vukovich, J., concurs.
Waite, J., concurs.