STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE ex rel. KEITH PHILLIPS | ) | CASE NO. 15 MA 0187 |
| | ) | |
| RELATOR | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| JUDGE MAUREEN A. SWEENEY | ) | |
| | ) | |
| RESPONDENT | ) | |

CHARACTER OF PROCEEDINGS:            Complaint in Mandamus/Procedendo.

JUDGMENT:            Complaint Dismissed.

APPEARANCES:

For Relator:            Keith Phillips, *Pro se*
           #A581-830
           Marion Correctional Institution
           P. O. Box 57
           940 Marion-Williamsport Road
           Marion, Ohio 43302

For Respondent:            Atty. Paul J. Gains
           Mahoning County Prosecutor
           Atty. Ralph M. Rivera
           Assistant Prosecuting Attorney
           21 West Boardman Street, 5th Floor
           Youngstown, Ohio 44503

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

           Dated: April 19, 2016

PER CURIAM.

{¶1} Relator Keith Phillips has filed this original action *pro se* seeking a writ of mandamus and/or procedendo to compel Respondent Maureen A. Sweeney, Mahoning County Common Pleas Judge, to issue a judgment entry in the matter of Relator's Motion for Jail Time Credit filed January 5, 2015. Because Judge Sweeney has, in fact, filed a judgment entry in this matter, the matter is moot and we dismiss Relator's request for a writ.

Background

{¶2} This Court previously summarized the facts regarding Relator's conviction as follows:

On September 3, 2009, the Mahoning County grand jury charged Phillips with one count of felonious assault, R.C. 2903.11(A)(2)(D), a second-degree felony, with an accompanying firearm specification, R.C. 2941.145(A); and one count of having a weapon while under disability, R.C. 2923.13(A)(2)(B), a third-degree felony.

On February 3, 2010, Phillips pled guilty to the charges in the indictment. That same day, Phillips was sentenced to five years on the weapons charge, to run concurrently with a five year sentence on the felonious assault charge, with the three years for the accompanying firearm specification to be served prior to and consecutive to the other sentences, for an aggregate prison term of eight years. He was also

sentenced to a three-year mandatory term of post-release control. No direct appeal was filed.

*State v. Phillips*, 7th Dist. No. 14 MA 34, 2014-Ohio-5309, ¶ 2-3.

**{¶3}** On January 5, 2015 Relator filed his motion seeking to be given jail-time credit. When the trial court failed to respond to his motion, Relator filed a Complaint for a Writ of Procedendo and/or Writ of Mandamus against Respondent on October 23, 2015.

**{¶4}** On December 1, 2015, Respondent denied Relator's Motion for Jail-Time Credit.

<u>Analysis</u>

**{¶5}** In order to establish the right to a writ of mandamus, Relator must demonstrate: (1) a clear legal right to the relief prayed for; (2) that the respondent is under a clear legal duty to perform the requested act; and (3) that the relator has no plain and adequate remedy in the ordinary course of the law. See *State ex rel. Evans v. Indus. Comm.*, 64 Ohio St.3d 236, 238, 594 N.E.2d 609, fn. 2, (1992). According to Ohio courts, "[i]f any of these elements is not shown, the petition must be denied." (Emphasis added.) *State ex rel. Felson v. McHenry*, 146 Ohio App.3d 542, 545, 767 N.E.2d 298 (1st Dist. 2001).

**{¶6}** Similarly, "[t]he writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment." *State ex rel. Foster v. Cuyahoga Cty. Court of Common Pleas*, 8th Dist. No. 84144, 2004-Ohio-2975, ¶ 3, citing *Yee v. Erie Cty. Sheriffs' Dept.*, 51 Ohio St.3d 43, 533 N.E.2d

1354 (1990). To be entitled to a writ, "Relator must establish a clear legal right to require Respondents to proceed, a clear legal duty on the part of Respondents to proceed, and the lack of an adequate remedy in the ordinary course of law." *State ex rel. Gomez v. Nau*, 7th Dist. No. 08 NO 355, 2008-Ohio-5685, ¶ 2, citing *State ex rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 531-532, 705 N.E.2d 1227 (1999).

{¶7} "Extraordinary relief in procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment." *State ex rel. Watkins v. Eighth Dist. Court of Appeals*, 82 Ohio St.3d 532, 535, 696 N.E.2d 1079 (1998), citing *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65, 671 N.E.2d 24 (1996). *Accord Nau*, *supra* at ¶ 2. A writ of procedendo, unlike a writ of mandamus, is restricted to compelling a court to exercise jurisdiction.

{¶8} But, "[n]either procedendo nor mandamus will compel the performance of a duty that has already been performed." *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253, 703 N.E.2d 304 (1998), citing *Martin v. Judges of the Lucas Cty. Court of Common Pleas*, 50 Ohio St.3d 71, 72, 552 N.E.2d 906, 908 (1990). *Accord State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 725 N.E.2d 663 (2000).

{¶9} In the instant matter, Respondent has already fully performed the requested act: she has denied Relator's motion seeking additional jail-time credit.

{¶10} Because Respondent has fully performed the requested act, the writ must be dismissed as moot. Costs taxed against Relator. Final order. Clerk to provide notice as required by the Civil Rules.

Waite, J., concurs.

Donofrio, P.J., concurs.

DeGenaro, J., concurs.