THE STATE EX REL. GROVE, APPELLANT, *v.* NADEL, JUDGE, APPELLEE.

[Cite as *State ex rel. Grove v. Nadel* (1998), 84 Ohio St.3d 252.]

(No. 98–1478—Submitted November 10, 1998—Decided December 30, 1998.)

*Mark Earl Grove, pro se.*

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Ronald W. Springman, Jr.,* Assistant Prosecuting Attorney, for appellee.

---

***Per Curiam.*** Grove asserts that the court of appeals erred in granting Judge Nadel's second motion to dismiss because it was contrary to this court's mandate and his trial court transmitted the wrong transcript in his appeal of right. For the following reasons, however, Grove's claims lack merit.

First, the court correctly dismissed Grove's procedendo action on remand from this court because Judge Nadel had already performed the requested act, *i.e.,* he journalized his January 1997 decision denying Grove's motion for a copy of his transcript. Neither procedendo nor mandamus will compel the performance of a duty that has already been performed. *Martin v. Judges of the Lucas Cty. Court of Common Pleas* (1990), 50 Ohio St.3d 71, 72, 552 N.E.2d 906, 908. The court of appeals appropriately took judicial notice that Grove's procedendo action was moot based on the journalized entry submitted by Judge Nadel in his second motion to dismiss. See *State ex rel. Konoff v. Shafer* (1997), 80 Ohio St.3d 294, 295, 685 N.E.2d 1248, 1249.

Second, Grove's claim that Judge Nadel erred in denying his motion for a copy of his trial transcript should be raised in an appeal from that journalized entry rather than in procedendo. Procedendo will not issue when the relator has an adequate legal remedy. *State ex rel. Miley v. Parrott* (1996), 77 Ohio St.3d 64, 65, 671 N.E.2d 24, 26; *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 164, 656 N.E.2d 1288, 1294.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.