[Cite as *Reynolds v. State*, 2013-Ohio-3883.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

SCOTT REYNOLDS

   Petitioner

-vs-

STATE OF OHIO

   Respondent

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Sheila G. Farmer, J.
Hon. Patricia A. Delaney, J.

Case No. 13CA21

O P I N I O N

CHARACTER OF PROCEEDING:   Writ of Procedendo

JUDGMENT:   Dismissed

DATE OF JUDGMENT ENTRY:   September 9, 2013

APPEARANCES:

For Peitioner

For Respondent

SCOTT L. REYONLDS, PRO SE
Masison Correctional Institution
#A668943
Box 740 - 1851 St. Rt. 56
London, Ohio 43140

JOSEPH D. SAKS
Assistant Prosecuting Attorney
Knox County Prosecutor's Office
117 East High St., Ste #234
Mount Vernon, Ohio 43050

*Hoffman, P.J.*

{¶1} Petitioner Scott L. Reynolds has filed a "Writ of Procedendo." Petitioner requests the trial court be ordered to rule on a motion filed by Petitioner on March 13, 2013. Respondent has filed a motion to dismiss arguing the relief sought has already been obtained and arguing Petition has failed to meet the procedural requirements for a writ of mandamus.

{¶2} Initially, we find Petitioner has failed to name a proper respondent. Petitioner captioned the instant complaint as "State of Ohio v. Scott L. Reynolds." The State of Ohio is incorrectly listed as the Plaintiff. The State of Ohio is not the Plaintiff. Further, in a procedendo action, the State of Ohio is not a proper respondent.

{¶3} To be entitled to a writ of procedendo, "a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law." *Miley,* supra, at 65, citing *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas* (1995), 72 Ohio St.3d 461, 462. The Supreme Court has noted, "The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. It does not in any case attempt to control the inferior court as to what that judgment should be." *State ex rel. Davey v. Owen,* 133 Ohio St. 96, *106, 12 N.E.2d 144, * *149 (1937).

{¶4} The Supreme Court has held, "Neither procedendo nor mandamus will compel the performance of a duty that has already been performed. *State ex rel. Grove v. Nadel* (1998), 84 Ohio St.3d 252, 253, 703 N.E.2d 304, 305." *State ex rel. Kreps v. Christiansen* (2000), 88 Ohio St.3d 313, 318, 725 N.E.2d 663, 668.

**{¶5}**     Respondent ruled on Petitioner's March 25, 2013 motion on July 23, 2013.

**{¶6}**     Because Respondent has issued a ruling on Petitioner's motion, the request for a writ of procedendo has become moot.

**{¶7}**     For these reasons, Respondent's Motion to Dismiss is granted.

By: Hoffman, P.J.

Farmer, J.  and

Delaney, J. concur

_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER

_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

SCOTT REYNOLDS                           :
                                         :
    Petitioner                       :
                                         :
-vs-                                     :                 JUDGMENT ENTRY
                                         :
STATE OF OHIO                            :
                                         :
    Respondent                       :                 Case No. 13CA21


    For the reasons stated in our accompanying Opinion, Respondent's Motion to

Dismiss is granted.  Costs to Petitioner.


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER


_____
HON. PATRICIA A. DELANEY