[Cite as *Henderson v. Clerk of Courts*, 2014-Ohio-2533.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100465**

## PAUL S. HENDERSON

RELATOR

vs.

## CLERK OF COURTS

RESPONDENT

## JUDGMENT:
WRIT DENIED

Writ of Mandamus
Motion No. 469331
Order No. 475121

**RELEASE DATE:** June 9, 2014

**FOR RELATOR**

Paul S. Henderson, pro se
Inmate No. 573-468
940 Marion-Williamsport Road
Marion Correctional Institution
Marion, Ohio   43302-0057


**ATTORNEY FOR RESPONDENT**

Robin M. Wilson
Cuyahoga County Department of Law
310 Lakeside Avenue, 7th Floor
Courthouse Square
Cleveland, Ohio   44113

BETH WHITMORE, P.J.:

{¶1} On September 30, 2013, the relator, Paul Henderson, commenced this mandamus action against the respondent, Cuyahoga County Clerk of Courts, to compel the clerk to file an affidavit and complaint to commence an action against numerous defendants, including common pleas and appellate court judges, Cuyahoga County Jail staff, Marion Correctional Institution staff, and Cuyahoga County Prosecutor's Office staff. On October 25, 2013, the respondent, clerk of courts, moved to dismiss on the grounds of mootness. Attached to the dispositive motion was a certified copy of Mr. Henderson's complaint showing that it had been filed with the clerk of courts on October 11, 2013. Because the clerk has filed the affidavit and complaint, as Mr. Henderson sought in his petition for writ of mandamus, this mandamus action is moot and dismissed.

{¶2} Before addressing Mr. Henderson's petition, we must first consider his "NOTICE OF LEAVE pursuant to App.R. 5" that he filed on November 5, 2013. In his notice, he attempts to amend his complaint for writ of mandamus pursuant to App.R. 5 (titled "Appeals by Leave of Court in Criminal Cases"). The appellate rules, however, have no application in a court of appeals when its original jurisdiction has been invoked. App.R. 1 ("These rules govern procedure in appeals to courts of appeals from the trial courts of record in Ohio."). Mr. Henderson filed a motion not prescribed for a court having original jurisdiction and, accordingly, the motion is denied. *State ex rel. Pajestka v. Faulhaber*, 50 Ohio St.2d 41, 42, 362 N.E.2d 263 (1977).

**{¶3}** Turning now to his petition for writ of mandamus, for the writ "to issue, a relator must demonstrate that (1) the relator has a clear legal right to the relief prayed for, (2) respondent is under a corresponding clear legal duty to perform the requested acts, and (3) relator has no plain and adequate legal remedy." *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.*, 81 Ohio St.3d 173, 176, 689 N.E.2d 962 (1998). The Ohio Supreme Court has held that "mandamus will [not] compel the performance of a duty that has already been performed." *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253, 703 N.E.2d 304 (1998).

**{¶4}** Mr. Henderson sought a writ of mandamus to order the clerk of courts to file his affidavit and complaint. This court may consider evidence outside the petition to determine that an action is moot. *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228, 729 N.E.2d 1181 (2000). According to the certified copy of the affidavit and complaint attached to the clerk's motion to dismiss, the clerk filed the affidavit and complaint on October 11, 2013. *Paul S. Henderson v. State of Ohio, et al.*, Cuyahoga CP No. CV 13-815381 (filed October 11, 2013). Mr. Henderson did not respond to the clerk's motion to dismiss to dispute that she had filed his affidavit and complaint. As demonstrated by the certified copy attached to the motion to dismiss, the clerk of courts has filed Mr. Henderson's documents and, accordingly, this matter is moot.

**{¶5}** Further, we find that Mr. Henderson's complaint for a writ of mandamus is defective. R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against a government entity or government employee. The clerk of courts is

a government entity and Mr. Henderson, incarcerated in the Marion Correctional Institution, is an inmate. R.C. 2969.21(C) and (D). Mr. Henderson has failed to comply with R.C. 2969.25(C), which requires a statement that: (1) sets forth the balance in his inmate account for the preceding six months, as certified by the institutional cashier; and (2) a statement that sets forth all other cash and things of value as owned by the inmate. A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶6} Accordingly, this court grants the clerk's motion to dismiss and denies the petition for a writ of mandamus. Costs assessed to Mr. Henderson. The court directs the clerk of court to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶7} Writ denied.

_____
BETH WHITMORE, PRESIDING JUDGE

CARLA MOORE, J., and
EVE BELFANCE, J., CONCUR