[Cite as *State ex rel. Lowe v. Berens*, 2019-Ohio-4036.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DENNIS RAY LOWE | JUDGES:<br>Hon. W. Scott Gwin, P.J |
| Relator | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 19-CA-30 |
| JUDGE RICHARD E. BERENS | |
| Respondent | O P I N IO N |

CHARACTER OF PROCEEDINGS:     Writ of  Procedendo

JUDGMENT:     Dismissed

DATE OF JUDGMENT ENTRY:     September 30, 2019

APPEARANCES:

For Relator

DENNIS RAY LOWE
S.O.C.F. #441-903
P.O. Box 45699
Lucasville, Ohio  45699

For Respondent

JOSHUA S. HORACEK
Assistant Prosecuting Attorney
Fairfield County Prosecutor's Office
239 West Main Street, Suite #101
Lancaster, Ohio  43130

*Hoffman, J.*

**{¶1}** On July 3, 2019, Dennis Lowe filed a petition for writ of procedendo to compel Judge Richard Berens to rule upon two motions he had pending before the trial court in his underlying criminal case: Motion for Relief from Judgment and Motion to Dismiss Case. The Fairfield County Prosecutor, on behalf of Judge Berens, has moved to dismiss the writ. This Court grants the prosecutor's motion.

**{¶2}** On July 8, 2019, Judge Berens issued a Judgment Entry overruling both of Mr. Lowe's motions. Because Judge Berens addressed Mr. Lowe's pending motions that are the subject of this writ, the writ is moot. "Neither mandamus nor procedendo will compel the performance of a duty that has already been performed." *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228, 729 N.E.2d 1181 (2000), citing *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253, 703 N.E.2d 304 (1998).

**{¶3}** Further, in *Grove*, the Ohio Supreme Court explained the court of appeals appropriately took judicial notice Grove's procedendo action was moot based on the journalized entry submitted by Judge Nadel in his second motion to dismiss. Similarly, here, the Fairfield County Prosecutor attached to his Motion to Dismiss a copy of the Judgment Entry issued by Judge Berens that overruled Mr. Lowe's two pending motions. We may properly take judicial notice of this Judgment Entry which renders Mr. Lowe's writ of procedendo moot. Because Mr. Lowe's writ of procedendo is moot we grant the prosecutor's motion to dismiss.

{¶4}    The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

By: Hoffman, J.

Gwin, P.J.  and

Baldwin, J. concur