[Cite as *State ex rel. Lyons v. Skinner*, 2020-Ohio-3008.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel. Margene Lyons et al., | : | |
| Relators, | : | |
| | : | No.  19AP-815 |
| v. | : | (REGULAR CALENDAR) |
| Judge Jarrod B. Skinner, | : | |
| Respondent]. | : | |

D E C I S I O N

Rendered on May 19, 2020

*Margene Lyons*, *Ronald Brown*, and *Tonya Brown*, pro se.

IN MANDAMUS

BROWN, J.

{¶ 1}  Relators, Margene Lyons, Ronald Brown, and Tonya Brown, have filed an original action requesting this court issue a writ of mandamus ordering respondent, Jarrod B. Skinner, a judge of the Franklin County Municipal Court, to stay an eviction action and enforce a previously entered order setting the case for mediation.

{¶ 2}  Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate of this court who issued the appended decision, including findings of fact and conclusions of law.  In that decision, the magistrate recommended relators' action be dismissed sua sponte as moot on the ground "relators seek to compel the trial court to act, and the trial court has now done so."  (Mag. Decision at 12.)  More specifically, the magistrate took judicial notice of the fact the Franklin County Municipal Court entered a final order in the underlying eviction action on January 16, 2020, and "thereby disposed of * * * the pending mediation process." (Mag. Decision at 12.)  No objections have been filed to that decision.

{¶ 3}   Finding no error of law or other defect on the face of the magistrate's decision, and based on this court's independent review,[1] we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein.  In accordance with the magistrate's recommendation, this mandamus action is dismissed as moot.

*Action dismissed.*

SADLER, P.J., and DORRIAN, J., concur.

_____

---

[1] We take judicial notice that, subsequent to the magistrate's decision (rendered on February 13, 2020), the Franklin County Municipal Court, on March 4, 2020, filed a journal entry of dismissal in Franklin M.C. No. 2019CVG32496.

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel. Margene Lyons et al., | : | |
| Relators, | : | |
| v. | : | No. 19AP-815 |
| Judge Jarrod B. Skinner], | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on February 13, 2020

*Margene Lyons, Ronald Brown,* and *Tonya Brown*, pro se.

IN MANDAMUS
ON SUA SPONTE DISMISSAL

{¶ 4}   Relators, Margene Lyons, Ronald Brown, and Tonya Brown filed this original action seeking a writ of mandamus ordering respondent, Jarrod B. Skinner, a judge of the Franklin County Municipal Court, to stay the action and enforce a previously entered order setting the case for mediation.

Findings of Fact:

{¶ 5}   1. Relators are defendants in an eviction action in Franklin County Municipal Court under case No. 2019CVG32496.

{¶ 6}   2. Relators filed their complaint in mandamus with this court on December 3, 2019.

{¶ 7}   3. Respondent entered the final order in the eviction action on January 16, 2020 titled as "WRIT OF RESTITUTION RETURNED SHOWING SET OUT COMPLETED." (Emphasis sic.)

{¶ 8}   4. Relators' complaint in mandamus identifies the "Appellee" as Oakwood Management Company, the plaintiff in the eviction case.  The complaint otherwise makes clear that relators request a writ directed to the judge presiding over their eviction case.

{¶ 9}   5. Neither the respondent judge nor Oakwood Management Company have filed a pleading in this case.

Discussion and Conclusions of Law:

{¶ 10} In order for this court to issue a writ of mandamus, relators must show a clear legal right to the relief sought, a clear legal duty for the respondent to perform a requested act, and the absence of a plain and adequate remedy for relators in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28-29 (1983).

{¶ 11} Although procedendo is the more appropriate remedy, "mandamus will lie when a trial court has refused to render, or unduly delayed rendering, a judgment." *State ex rel. Reynolds v. Basinger,* 99 Ohio St.3d 303, 2003-Ohio-3631, ¶ 5.  However, a writ will not issue to compel the performance of a duty that has already been performed. *State ex rel. Graham v. Niemeyer,* 106 Ohio St.3d 466, 2005-Ohio-5522, ¶ 4.  An appellate court can " 'take judicial notice that the requested act has been performed.' " *State ex rel. Hillman v. Brown,* 10th Dist. No. 17AP-836, 2018-Ohio-2409, ¶ 4-5, quoting *State ex rel. Stanley v. D'Apolito,* 7th Dist. No. 12MA218, 2013-Ohio-428, ¶ 8, citing *State ex rel. Grove v. Nadel,* 84 Ohio St.3d 252-53 (1998).

{¶ 12} The magistrate has taken judicial notice that Franklin County Municipal Court has entered final judgment in its case, and thereby disposed of, directly or indirectly, the pending mediation process.  As a result, the magistrate concludes that the present original action has become moot because relators seek to compel the trial court to act, and the trial court has now done so.  This court having jurisdiction only over live controversies, this original action must be dismissed for lack of jurisdiction. *State ex rel. Cincinnati Enquirer v. Hunter,* 141 Ohio St.3d 419, 2014-Ohio-5457, ¶ 4.  It is the magistrate's decision that this court sua sponte dismiss this action.

/S/ MAGISTRATE
MARTIN L. DAVIS

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).