[Cite as *State ex rel. Rojas v. Page*, 2022-Ohio-2226.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Romie L. Rojas, | : | |
| Relator, | : | |
| v. | : | No. 21AP-506 |
| Judge Jaiza Page, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on June 28, 2022

*Romie L. Rojas,* pro se.

*G. Gary Tyack,* Prosecuting Attorney, and *Thomas W. Ellis,* for respondent.

IN PROCEDENDO

BEATTY BLUNT, J.

{¶ 1} Relator, Romie L. Rojas, has filed this original action seeking a writ of procedendo ordering respondent, Franklin County Common Pleas Judge Jaiza Page, to issue a ruling on relator's October 27, 2017, successive petition to vacate judgment of conviction. Respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6) on October 28, 2021.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate considered the motion to dismiss for failure to state a claim filed by respondent and issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate concluded relator failed to state a claim upon which relief may be granted pursuant to Civ.R. 12(B)(6) and was not entitled to the writ requested. Specifically, the magistrate found that procedendo will not compel the performance of an act that has already been performed, and respondent

issued an entry on February 14, 2022 denying relator's October 27, 2017, successive petition to vacate judgment of conviction. Thus, respondent has performed the act that relator sought to compel. Accordingly, the magistrate recommended this court dismiss the action and deny relator's request for a writ of procedendo.

**{¶ 3}** No objections have been filed to the magistrate's decision.

**{¶ 4}** Upon review, we have found no error in the magistrate's findings of fact or conclusions of law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and the conclusions of law therein, and conclude that relator failed to demonstrate he was entitled to a writ of procedendo. In accordance with the magistrate's decision, respondent's motion to dismiss is granted, this action is dismissed, and the requested writ of procedendo is denied.

*Motion to dismiss granted; complaint*
*dismissed; writ of procedendo denied.*

MENTEL and JAMISON, JJ., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Romie L. Rojas, | : | |
| Relator, | : | |
| v. | : | No. 21AP-506 |
| Judge Jaiza Page, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on February 24, 2022

*Romie L. Rojas,* pro se.

*G. Gary Tyack,* Prosecuting Attorney, and *Thomas W. Ellis,* for respondent.

IN PROCEDENDO ON
RESPONDENT'S MOTION TO DISMISS

{¶ 5} Relator, Romie L. Rojas, has filed this original action seeking a writ of procedendo ordering respondent, Franklin County Common Pleas Judge Jaiza Page, to issue a ruling on relator's October 27, 2017, successive petition to vacate judgment of conviction. Respondent has filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

Findings of Fact:

{¶ 6}   1. Respondent is a public official serving as a judge in the Franklin County Court of Common Pleas, in Franklin County, Ohio.

{¶ 7}   2. Relator is a prisoner who was incarcerated at Correctional Reception Center in Orient, Ohio, at the time he filed this procedendo action.

{¶ 8}   3. On October 27, 2017, relator filed a successive petition to vacate judgment of conviction in Franklin C.P. No. 10CR-7040, over which respondent presided.

{¶ 9}   4. On October 6, 2021, relator filed his complaint in procedendo with this court, requesting that this court order respondent to issue a ruling on relator's October 27, 2017, successive petition to vacate judgment of conviction.

{¶ 10} 5. On February 14, 2022, in case No. 10CR-7040, respondent filed an entry denying relator's October 27, 2017, successive petition to vacate judgment of conviction.

{¶ 11} 6. On October 28, 2021, in the present action, respondent filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), asserting relator's procedendo action is moot because respondent has already ruled on relator's October 27, 2017, successive petition to vacate judgment of conviction.


Conclusions of Law:

{¶ 12}  For the reasons that follow, it is the magistrate's decision that this court grant respondent's motion to dismiss relator's complaint for a writ of procedendo.

{¶ 13}  In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.* An " 'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' " *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994).

{¶ 14}  A motion to dismiss pursuant to Civ.R. 12(B)(6) tests the sufficiency of the complaint. "In order for a court to dismiss a case pursuant to Civ.R. 12(B)(6) 'it must appear

beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.' " *T & M Machines, LLC v. Yost*, 10th Dist. No. 19AP-124, 2020-Ohio-551, ¶ 10, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. In construing a complaint upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14.

{¶ 15} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 4th Dist. No. 16CA3528, 2016-Ohio-5364, ¶ 26, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion); and *Giannelli*, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet).

{¶ 16} Procedendo will not lie to compel an act that has already been performed. *State ex rel. Lester v. Pepple*, 130 Ohio St.3d 353, 2011-Ohio-5756, ¶ 1; *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 318 (2000), citing *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252-53 (1998).

{¶ 17} In the present matter, respondent's February 14, 2022, entry denied relator's October 27, 2017, successive petition to vacate judgment of conviction. Thus, respondent has performed the act that relator sought to compel, *i.e.*, ruling on relator's October 27, 2017, successive petition to vacate judgment of conviction. Therefore, procedendo will not lie under these circumstances.

{¶ 18} Accordingly, the magistrate recommends that this court grant respondent's motion to dismiss relator's complaint for a writ of procedendo.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).