[Cite as *State v. Wilson*, 2022-Ohio-4185.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29448 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-370 |
| | : | |
| ANTHONY L. WILSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of November, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

DANIEL F. GETTY, Atty. Reg. No. 0074341, 46 East Franklin Street, Dayton, Ohio 45459
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

LEWIS, J.

**{¶ 1}** Defendant-Appellant Anthony L. Wilson appeals from the trial court's revocation of his bond while he was awaiting trial. For the following reasons, we will dismiss his appeal as moot.

**{¶ 2}** On April 7, 2022, the trial court issued an order overruling Wilson's pending motions for continuance. On that same day, the trial court orally announced at a hearing that Wilson's bond would be revoked due to his repeated violation of the trial court's no contact order. Transcript of April 7, 2022 Hearing on Motions, p. 13. The trial court explained to Wilson that he could file an immediate appeal from this bond revocation pursuant to R.C. 2937.222. The trial court journalized its bond revocation decision on April 11, 2022.

**{¶ 3}** On April 8, 2022, Wilson filed a handwritten notice of appeal, stating: "Now comes the Defendant, acting through Pro Se capacity, hereby give notice to the Second District Court of Appeals of the judgement rendered on April 7, 2022 by the Trial Court and the judgement entry thereafter, for this appeal of right. 2937.222."

**{¶ 4}** Although Wilson referenced an April 7, 2022 judgment in his notice of appeal, which coincided with the trial court's order denying his motions for continuance, he also cited to the statute relating to bail, R.C. 2937.222. Since the denial of a motion for continuance is not a final and appealable order until a conviction is journalized, this Court construed Wilson's notice of appeal as an appeal from the trial court's revocation of his bond rather than as an appeal from the trial court's motion denying Wilson's request for a continuance.

{¶ 5} In his June 22, 2022 appellate brief, Wilson identified the following sole assignment of error:

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING DEFENDANT'S MOTION TO CONTINUE JURY TRIAL.

{¶ 6} On September 12, 2022, the State filed its appellate brief. The State noted that, "[w]hen Wilson first filed his notice of appeal in this matter, it was believed that he was seeking to appeal from the trial court's decision to revoke his bond. This belief was based upon the reference in the notice of appeal to R.C. 2937.222, which relates to the denial of bail for certain alleged offenders" like Wilson. Appellee's Brief, p. 2. But since Wilson's sole assignment of error related to the trial court's decision on his motions for continuance rather than the trial court's revocation of bond, the State contends that we should dismiss the appeal for lack of a final appealable order. *Id.* at 3. Further, the State argues that Wilson's appeal is moot because the criminal case proceeded to trial and Wilson was acquitted. *Id.* In support of its position, the State attached a few exhibits to its appellate brief. First, the State attached a copy of the April 11, 2022 order of the trial court revoking bond. Second, the State attached a copy of an April 11, 2022 order granting Wilson's request for continuance and re-setting the trial for June 27, 2022. Finally, the State attached a copy of the trial court's June 30, 2022 verdict entry, which stated that the jury had returned not guilty verdicts on both the charged count and its lesser included offense.

{¶ 7} As a matter of course, we do not consider documents attached to an appellate brief that are not in the record transferred to us from the trial court. However,

we are cognizant of the fact that our jurisdiction is limited to final appealable orders and that we do not typically address matters that are moot. As a result, on September 27, 2022, we issued a Show Cause Order giving Wilson 14 days in which "to show cause why this appeal should not be dismissed as moot." Wilson failed to file a response. Given Wilson's failure to respond to our order, we are forced to take judicial notice of the docket entries in Montgomery C.P. No. 2020-CR-370. *See Jackson v. Cuyahoga Cty. Common Pleas Court*, 8th Dist. Cuyahoga No. 108974, 2019-Ohio-3782, ¶ 5 (finding the appeal to be moot because the case docket showed that bail had been posted); *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253, 703 N.E.2d 304 (holding that the court of appeals properly took judicial notice of docket entries to determine that a procedendo action should be dismissed as moot).

**{¶ 8}** Based on our review of the docket entries in Case No. 2020-CR-370, we agree with the State that the current appeal is moot. In particular, a June 30, 2022 docket entry showed that Wilson was found not guilty after a jury trial. Therefore, no revocation of bond issue remains in Case No. 2020-CR-370.

**{¶ 9}** Wilson's appeal is dismissed as moot.

. . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Daniel F. Getty
Hon. Steven K. Dankof