[Cite as *State ex rel. Brown v. Lynch*, 2024-Ohio-3099.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Charles E. Brown, | : | |
| Relator, | : | No. 23AP-356 |
| v. | : | (REGULAR CALENDAR) |
| Judge Julie M. Lynch, | : | |
| Respondent. | : | |

---

D E C I S I O N

Rendered on August 15, 2024

---

**On brief:** *Charles E. Brown*, pro se.

**On brief:** *G. Gary Tyack*, Attorney General, and *Brian D. Zagrocki*, for respondent.

---

IN PROCEDENDO

JAMISON, J.

{¶ 1} Relator, Charles E. Brown, initiated this original action seeking a writ of procedendo ordering respondent, Judge Julie M. Lynch, judge of the Franklin County Court of Common Pleas, to issue a ruling on certain motions. Respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this court referred the matter to a magistrate. The magistrate issued the appended decision, including findings of fact and conclusions of law. The magistrate determined that respondent had recused herself, that the court of appeals would not interfere with the trial court's scheduling, and that the significant number of continuances in the case provide evidence that respondent failed to proceed to judgment. Thus, the magistrate

recommended that respondent's motion to dismiss relator's petition for writ of procedendo be granted.

**{¶ 3}**   No party has filed objections to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c).  The case is now before this court for review.

**{¶ 4}**   Upon review, we find no error of law or other defect on the face of the magistrate's decision.  Therefore, we adopt the magistrate's decision as our own, including findings of fact and conclusions of law, and we grant respondent's motion and dismiss relator's petition for a writ of procedendo.

*Motion to dismiss granted*;
*writ of procedendo dismissed.*

BEATTY BLUNT and LELAND, JJ., concur.

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Charles E. Brown, | : | |
| Relator, | : | |
| v. | : | No.  23AP-356 |
| Judge Julie M. Lynch, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

## M A G I S T R A T E ' S   D E C I S I O N

Rendered on April 16, 2024

*Charles E. Brown*, pro se.

*G. Gary Tyack*, Attorney General, and *Brian D. Zagrocki*, for respondent.

IN PROCEDENDO
ON RESPONDENT'S MOTION TO DISMISS

{¶ 5} Relator, Charles E. Brown, has filed this original action requesting that this court issue a writ of procedendo ordering respondent, Judge Julie M. Lynch (sometimes "Judge Lynch"), to rule on relator's March 21, 2023, motion to dismiss his court-appointed counsel and proceed pro se. Respondent has filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

Findings of Fact:

{¶ 6}   1. Relator is an inmate incarcerated at Franklin County Correctional Facility.

{¶ 7}   2. Judge Lynch is a judge in the Franklin County Court of Common Pleas and, at the time of the filing of the present petition, presided over relator's criminal case in Franklin C.P. No. 22CR-1758.

{¶ 8}   3. In case 22CR-1758, in September 2022, relator filed a motion to dismiss on the basis that his court-appointed counsel was attempting to delay his trial. In December 2022, Judge Lynch removed his counsel and appointed new counsel. Trial was scheduled for April 17, 2023.

{¶ 9}   4. On March 9, 2023, relator's counsel and the prosecutor filed an agreed entry continuing the April 17, 2023, trial date, which relator's counsel signed on relator's behalf. Trial was scheduled for May 2, 2023.

{¶ 10}  5. On March 21, 2023, relator filed a motion to proceed pro se, arguing that his new court-appointed counsel was delaying the legal process and was not advocating on his behalf.

{¶ 11}  6. On May 10, 2023, Judge Lynch granted relator's motion for continuance to allow his counsel time to review the case. The case was continued several more times, for various reasons, including plea negotiations, with the last entry of continuance being filed on March 5, 2024, for further negotiations. All of the agreed entries of continuance included waivers of relator's speedy-trial rights and were signed on relator's behalf by his counsel.

{¶ 12}  7. On June 13, 2023, relator filed the instant procedendo action asking this court to order respondent to rule on his March 21, 2023, motion to proceed pro se filed in case 22CR-1758.

{¶ 13}  8. On July 18, 2023, respondent filed a motion to dismiss relator's petition pursuant to Civ.R. 12(B)(6). Relator has not filed a response to respondent's motion to dismiss.

{¶ 14}  9. On November 7, 2023, the Supreme Court of Ohio accepted for filing relator's affidavit of disqualification, which sought to disqualify respondent from case 22CR-1758.

{¶ 15} 10. On December 13, 2023, the Supreme Court issued a judgment entry and decision, in which it denied relator's affidavit of disqualification. The court summarized the pertinent underlying facts, as follows. On October 16, 2023, the parties convened to discuss the case. Relator requested that he represent himself and claimed his signature was forged on the continuances. Judge Lynch explained that his counsel had signed the continuances on his behalf, seeking to negotiate a plea or dismissal. Judge Lynch then stated that she was not going to rule on the motion for self-representation at that time, and she would like to have his appointed counsel stay on the case long enough for the judge to talk to counsel and the prosecutor to see what issues remain with regard to a pending motion to suppress. Judge Lynch then told relator that if the case cannot be dismissed and it continues to trial, he can represent himself, and she will inform him sooner rather than later in that regard. Judge Lynch explained to relator that she would like his counsel involved for the time being, and because they were not going to trial that day, she would like him involved to see if the case could get dismissed.

{¶ 16} 11. In denying relator's affidavit of disqualification, the Supreme Court found in its December 13, 2023, judgment entry and decision the following: (1) relator's appointed counsel signed the continuance entries on his behalf, and there is no evidence his signatures were forged; (2) a judge's decision to refrain from ruling on a pro se litigant's motions while represented by counsel does not demonstrate that the judge cannot be impartial and open-minded in the case; (3) a judge's refusal to disqualify an affiant's court-appointed counsel does not warrant disqualification of the judge; (4) the record shows that Judge Lynch advised relator on October 16, 2023, that the court would hold off ruling on his request to proceed pro se until his court-appointed counsel had an opportunity to speak with the prosecutor; (5) Judge Lynch advised relator that he would have the opportunity to represent himself and did not outright prohibit him from representing himself; and (6) insofar as relator believes the judge's conduct violated his constitutional rights to due process or self-representation, he may raise those issues on appeal.

{¶ 17} 12. On February 22, 2024, Judge Lynch recused herself from the case, and on the same date, Judge Andria C. Noble was assigned as judge in the case.

Conclusions of Law:

{¶ 18} The magistrate recommends that this court grant respondent's motion to dismiss relator's petition for writ of procedendo.

{¶ 19} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.* An " 'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' "*State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994).

{¶ 20} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 4th Dist. No. 16CA3528, 2016-Ohio-5364, ¶ 26, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion); and *Giannelli*, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet). In addition, courts may take judicial notice of appropriate matters in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment. *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580-81 (1996); *Draughon* at ¶ 26 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment).

{¶ 21} A court may dismiss a complaint pursuant to Civ.R. 12(B)(6) if, after all factual allegations in the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator could prove no set of facts entitling him or her to the requested extraordinary writ. *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5. "Although factual allegations in the complaint are taken as true, 'unsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss.' " *Justice v. Jefferson-Pilot Life Ins.*, 10th Dist. No. 98AP-177 (Dec. 24, 1998), quoting *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324 (1989).

{¶ 22} Initially, the magistrate notes that Judge Noble is substituted as respondent in this action pursuant to Civ.R. 25(D)(1), and relator's motion to dismiss filed under Judge Lynch's name is deemed filed on behalf of Judge Noble in her capacity as successor judge in case 22CR-1758. *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 6; *State ex rel. Neguse v. McIntosh*, 115 Ohio St.3d 216, 2007-Ohio-4788, ¶ 4.

{¶ 23} In her motion, respondent argues that relator's trial date is set, and his allegations that his substitute counsel unfairly delayed or interfered with the trial is belied by the continuance entries relator approved and signed and, regardless, such is irrelevant to his writ of procedendo because it does not evidence that respondent failed to proceed to judgment. Respondent asserts that relator's requested relief seeking an order to compel respondent to rule on his motion to proceed pro se is inappropriate because it would interfere with ordinary court procedure, as the court has communicated to relator that she has not overruled his motion and intends to grant it if the matter continues to trial.

{¶ 24} As is apparent by the findings of fact above, since relator filed his present petition and respondent filed her motion to dismiss the petition, relator has filed an affidavit of disqualification in the Supreme Court, and the court has denied the affidavit of disqualification. The Supreme Court's December 13, 2023, denial of relator's affidavit of disqualification addressed the same issues raised in relator's present petition and respondent's motion to dismiss. Based upon the reasons set forth in the Supreme Court's December 13, 2023, denial of relator's affidavit of disqualification, the magistrate grants respondent's motion to dismiss. As the Supreme Court explained, Judge Lynch advised relator on October 16, 2023, that the court was going to temporarily hold off ruling on his

motion to proceed pro se until his court-appointed counsel had an opportunity to speak with the prosecutor, but she assured him that he would have the opportunity to represent himself should the matter proceed to trial. A writ of procedendo will not issue to control or interfere with the lower tribunal's administration of ordinary procedures. *State ex rel. Mignella v. Indus. Comm. of Ohio*, 156 Ohio St.3d 251, 2019-Ohio-463, ¶ 7, citing *State ex rel. Utley v. Abruzzo*, 17 Ohio St.3d 203, 204 (1985). Thus, this court will not interfere with or second guess respondent's decision to presently allow relator's court-appointed counsel to continue to represent him for the limited purpose of plea negotiations but permit relator to represent himself at trial should the case continue to trial. Furthermore, as the Supreme Court found, relator may raise any arguments regarding the trial court's handling of his request for self-representation on appeal; thus, he has an adequate remedy at law, which bars a petition for writ of procedendo. *See generally State v. Jaeger*, 10th Dist. No. 21AP-452, 2023-Ohio-3648 (appeal of trial court's failure to inquire into request for self-representation); *State v. Jordan*, 10th Dist. No. 21AP-421, 2022-Ohio-2033 (trial court did not abuse its discretion in denying appellant's request for a continuance to represent himself at trial as appellant never properly invoked his right to self-representation); *State v. Thigpen*, 8th Dist. No. 99841, 2014-Ohio-207, ¶ 23 (where a request for self-representation is timely and explicitly made, the denial of the request is per se reversible error on appeal). For these reasons, the magistrate finds respondent's motion to dismiss relator's petition for writ of procedendo is well taken and must be granted.

{¶ 25} Accordingly, it is the magistrate's decision that this court should grant respondent's motion to dismiss relator's petition for writ of procedendo.

S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.