[Cite as *State ex rel. Lower v. Mackey*, 2025-Ohio-2955.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Michael Lower,       :

       Relator,       :

v.       :

Franklin County Common Pleas,       :
Probate Court, Judge Jeffrey D. Mackey,

      :

       Respondent.

      :

No.  25AP-212

(REGULAR CALENDAR)

---

D E C I S I O N

Rendered on August 19, 2025

---

**On brief:** *Michael Lower*, pro se.

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Brandon Coy Hendrix*, for respondent.

IN PROCEDENDO AND/OR MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION
GRANTING RESPONDENT'S MOTION TO DISMISS

MENTEL, J.

{¶ 1} Relator, Michael Lower, brought this original action seeking a writ of procedendo and/or mandamus ordering the respondent, Judge Jeffrey D. Mackey, to issue a ruling on the relator's November 27, 2024 motion to disqualify Magistrate Kelly Green; November 27, 2024 motion to join an interested party; and November 27, 2024 motion for leave to file an amended complaint.

{¶ 2} On February 28, 2025, pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate of this court.

{¶ 3} On March 12, 2025, the respondent filed a motion to dismiss arguing that the relator failed to state a claim as the probate court has ruled on the previously outstanding

motions. On March 26, 2025, the relator filed a memorandum in opposition arguing that the respondent's motion should be denied. An amended memorandum in opposition was filed on March 30, 2025. A reply brief was filed on April 10, 2025.

{¶ 4} On May 29, 2025, the magistrate issued the appended decision. The magistrate's decision included findings of fact and conclusions of law and recommended that we grant the respondent's motion to dismiss the relator's complaint for a writ of procedendo and/or writ of mandamus. The magistrate found that the relator's original action seeking a writ of procedendo and/or mandamus to order the respondent to rule on the various motions was moot as the probate court has resolved all of the outstanding motions at issue. "Thus, respondent has performed the act that relator sought to compel, i.e., ruling on relator's November 27, 2024, motions. Therefore, neither procedendo nor mandamus will lie under these circumstances." (May 29, 2025 Appended Mag.'s Decision at ¶ 26.) Pursuant to Civ.R. 53(D)(3), the magistrate provided notice to the relator of the opportunity to file written objections within 14 days of the filing of the decision.

{¶ 5} On June 10, 2025, the relator filed written objections to the magistrate's decision. On June 17, 2025, the respondent filed a memorandum in opposition to the relator's objections.

{¶ 6} The relator first raises objections concerning the probate court magistrate and alleges various concerns with her rulings. The relator then argues that the respondent failed to rule on the motions at issue in this case until the relator filed this original action. (Relator's Obj. at 4.) The relator also contends that the magistrate's decision in this case was "deficient and lacking in weighted consideration," and that he failed to address purported violations of the Ohio Code of Judicial Conduct. (Relator's Obj. at 4.) Finally, the relator presents additional arguments concerning the merits of the case before the probate court and identifies additional filings outside the scope of this action that allegedly remain pending at this time. (Relator's Obj. at 10.)

{¶ 7} Civ.R. 53(D)(4)(d) provides, "[i]f one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections." As set forth in Civ.R. 53(D)(4)(d), when ruling on objections, we undertake an independent review of the objected matters "to ascertain that the magistrate has properly determined the factual

issues and appropriately applied the law." We may adopt or reject a magistrate's decision in whole or in part, with or without modification.

{¶ 8}    Upon review, we agree with the magistrate's recommendation to grant the respondent's motion to dismiss. It is well established that a court may take judicial notice of pleadings and orders in related cases not subject to reasonable dispute insofar as they affect the current original action. *See, e.g., State ex rel. Brown v. Lynch*, 2024-Ohio-3099, ¶ 20, citing *State ex rel. Nyamusevya v. Hawkins*, 2020-Ohio-2690, ¶ 33 (10th Dist.), citing Evid.R. 201(B). A court may take judicial notice of pleadings that are readily available on the internet. *Brown* at ¶ 20, citing *Draughon v. Jenkins*, 2016-Ohio-5364, ¶ 26 (4th Dist.).

{¶ 9}    Here, the relator filed the three motions at issue on November 27, 2024. We take judicial notice that the respondent denied the relator's motion to disqualify on March 7, 2025. On March 11, 2025, the respondent denied the relator's motions for leave to join an interested party and leave to file an amended complaint. As such, we agree with the magistrate that this matter is moot as the "respondent has performed the act that relator sought to compel, i.e., ruling on relator's November 27, 2024, motions. Therefore, neither procedendo nor mandamus will lie under these circumstances." (May 29, 2025 Appended Mag.'s Decision at ¶ 26.)

{¶ 10}   We decline to examine any of the alleged violations of Ohio Code of Judicial Conduct. This court has no authority to address the relator's claims as "[t]he Supreme Court has the exclusive jurisdiction to address claims of bias or violations of rules of judicial conduct." *State v. Byers*, 2025-Ohio-1511, ¶ 50 (10th Dist.), citing *State v. Bastawros*, 2024-Ohio-2809, ¶ 21 (8th Dist.), citing *In re Estate of Wearn*, 2023-Ohio-3152, ¶ 15 (8th Dist.). Moreover, any arguments regarding the merits of the original action are moot as the probate court has ruled on the outstanding motions. "[T]he merits of a claim in procedendo will be considered moot when the judicial officer [has] already completed the precise act which the relator sought to compel." *Davis v. Smalheer*, 2010-Ohio-6061, ¶ 5 (11th Dist.). Finally, we decline to address the relator's arguments concerning the matter before the probate court or his concerns regarding other outstanding motions allegedly pending at this time as those issues are outside the scope of this original action.

{¶ 11} Upon careful review of the magistrate's decision, an independent review of the record, and due consideration of the relator's objections, we find the magistrate properly applied the law to the facts.  Accordingly, we overrule the relator's objections and adopt the magistrate's decision as our own, including the findings of fact and conclusions of law.  The relator's petition for a writ of procedendo/mandamus is dismissed as moot.

*Objections overruled*;
*case dismissed*.

DORRIAN and LELAND, JJ., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Michael Lower, | : | |
| Relator, | : | |
| v. | : | No. 25AP-212 |
| Franklin County Common Pleas , Probate Court, Judge Jeffrey D. Mackey, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on May 29, 2025

*Michael Lower*, pro se.

*Shayla D. Favor*, Prosecuting Attorney, and *Brandon Coy Hendrix*, for respondent.

IN PROCEDENDO AND/OR MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 12} Relator, Michael Lower, has filed this original action seeking a writ of procedendo and/or mandamus ordering respondent, Judge Jeffrey D. Mackey, to issue a ruling on relator's November 27, 2024, motion to disqualify magistrate Kelly Greene; November 27, 2024, motion to join an interested party; and November 27, 2024, motion for leave to file an amended complaint. Respondent has filed a motion to dismiss.

Findings of Fact:

{¶ 13} 1. Respondent is a public official serving as a judge in the Franklin County Probate Court ("probate court"), in Columbus, Ohio.

{¶ 14} 2. Respondent presides over case No. 613894, a will-contest case in the probate court involving relator and his siblings.

{¶ 15} 3. On November 27, 2024, relator filed the following three motions: motion to disqualify magistrate Kelly Greene; motion to join an interested party; and motion for leave to file an amended complaint.

{¶ 16} 4. On February 6, 2025, relator filed an affidavit of disqualification with the Supreme Court of Ohio. The court denied the disqualification on February 24, 2025.

{¶ 17} 5. On February 25, 2025, relator filed the present petition for writ of procedendo and/or writ of mandamus, requesting that respondent rule on the three November 27, 2024, motions.

{¶ 18} 6. On March 6, 2025, respondent denied relator's motion to disqualify.

{¶ 19} 7. On March 10, 2025, respondent denied relator's motions for leave to join party and leave to file an amended complaint.

{¶ 20} 8. On March 12, 2025, respondent filed a motion to dismiss in the instant action. Relator has filed a response, and respondent has filed a reply.

Conclusions of Law:

{¶ 21} For the reasons that follow, it is the magistrate's decision that this court should grant respondent's motion to dismiss relator's complaint for a writ of procedendo and/or writ of mandamus.

{¶ 22} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.* An " 'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' " *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994).

{¶ 23} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 24} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 2020-Ohio-2690, ¶ 33 (10th Dist.), citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 2016-Ohio-5364, ¶ 26 (4th Dist.), citing *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion); and *Giannelli*, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet).

{¶ 25} Procedendo will not lie to compel an act that has already been performed. *State ex rel. Lester v. Pepple*, 2011-Ohio-5756, ¶ 1; *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 318 (2000), citing *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252-53 (1998).

{¶ 26} In the probate case, on November 27, 2024, relator filed the following three motions: motion to disqualify magistrate Kelly Greene; motion to join an interested party; and motion for leave to file an amended complaint. On March 6, 2025, respondent denied relator's motion to disqualify, and on March 10, 2025, respondent denied relator's motions for leave to join party and leave to file an amended complaint. Thus, respondent has performed the act that relator sought to compel, i.e., ruling on relator's November 27, 2024, motions. Therefore, neither procedendo nor mandamus will lie under these circumstances.

{¶ 27} Accordingly, the magistrate recommends that this court grant respondent's motion to dismiss relator's complaint for a writ of procedendo and/or writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.